Kenneth THORNTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8912–PC–894.

Supreme Court of Indiana.

April 24, 1991.

Susan K. Carpenter, Public Defender, Valerie K. Boots, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of post-conviction relief. In 1972, appellant and his codefendant, Marina Martin, were charged by indictment with First Degree Murder. Following a joint trial, both appellant and the codefendant were found guilty. Appellant was sentenced to life imprisonment. Separate appeals were taken by appellant and his codefendant after a consolidated record of proceedings was filed. This Court affirmed the convictions. *Martin and Thornton v. State* (1974), 262 Ind. 232, 314 N.E.2d 60.

In order to prevail on appeal from the denial of post-conviction relief, appellant must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the trial court. *Williams v. State* (1987), Ind., 508 N.E.2d 1264.

Following a hearing on his petition, the trial court made thorough findings of fact and conclusions of law and denied post-conviction relief.

Appellant first contends fundamental error occurred when he was denied effective assistance of trial counsel due to a conflict of interest which adversely affected his counsel's performance. In order to amount to fundamental error, the error must be such that if not corrected, it would deny a defendant fundamental due process. *Haymaker v. State* (1988), Ind., 528 N.E.2d 83.

In the instant case, appellant concedes that this Court reviewed the issue now presented in his direct appeal, but contends, for various reasons, that this Court now must reconsider his case.

Following appellant's and codefendant's convictions, a joint motion to correct error was filed by Attorney Kammen in which he alleged as error the trial court's denial of

appellant's and codefendant's due process by appointing two attorneys to represent them. Appellant, by his attorney Palmer Ward, and codefendant, Martin, by attorney David McNamar, raised the issue on direct appeal to this Court. In deciding this, we rejected arguments presented on this issue and affirmed the convictions. We stated:

"Here, on the other hand, no actual conflict or possible conflict was ever enunciated to the court either prior to, or at the trial itself, and none appears on the record of this case.

\* \* \* \* \* \*

The joint or separate use of counsel in this trial was a judgmental decision made by two informed and qualified attorneys on behalf of their clients and we cannot say now that any apparent conflict of interest adhered to either defendant as a result of that decision." *Martin, supra* 262 Ind. at 239–40, 314 N.E.2d at 66.

This Court in *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied*, —— U.S. ——, 110 S.Ct. 268, 107 L.Ed.2d 218 stated that on post-conviction relief an issue which has been raised and determined adverse to petitioner's position is *res judicata*.

In *Morris v. State* (1984), Ind., 466 N.E.2d 13, this Court was confronted with a similar issue. In *Morris*, the defendant filed his petition for post-conviction relief alleging he was denied effective assistance of trial counsel. This Court affirmed the convictions despite the allegation of ineffective assistance of trial counsel. In denying the post-conviction petition, the trial court's findings of fact and conclusions of law noted that *res judicata* applied to most of the issues raised because this Court was presented with the same issues. There, although appellant gave several additional examples of his counsel's alleged ineffectiveness, we held that the additional examples could have been raised on his direct appeal. Thus because they were issues which could have been raised but were not, they were not available to him in post-conviction relief proceedings.

In the instant case, appellant claimed he was denied the right to effective assistance of trial counsel. On direct appeal, we con-

sidered appellant's arguments and rejected them. He now seeks to raise the same arguments. The trial court in the post-conviction findings of fact and conclusions of law found the issues to be barred by *res judicata*. We agree.

Appellant contends he was denied the effective assistance of appellate counsel due to the acts and omissions of that counsel.

He argues that appellate counsel failed to show that he was deprived of effective assistance of trial counsel and also failed to raise the issue of error in the giving of an instruction.

■■■■ The effectiveness of appellate counsel's representation is determined on appeal using the same standards as applied to trial counsel. *Mato v. State* (1985), Ind., 478 N.E.2d 57. To show ineffectiveness of counsel, appellant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and must show that counsel's assistance was not reasonably effective. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Isolated poor strategy, inexperience, or bad tactics do not necessarily constitute ineffective assistance of counsel. *Smith v. State* (1987), Ind., 516 N.E.2d 1055, *cert denied*, 488 U.S. 934, 109 S.Ct. 330, 102 L.Ed.2d 347.

■■ In the instant case, counsel for appellant raised six issues on direct appeal. We addressed the issues and determined that the conviction should be affirmed. On post-conviction relief, appellant contends counsel's arguments are inadequate and the manner in which counsel addressed the issues shows counsel to be ineffective. We disagree. On direct appeal, this Court addressed each issue. We cannot say appellant has shown resultant prejudice. Instead, he merely makes a general assertion claiming ineffective assistance.

■■ Appellant also contends appellate counsel was ineffective in failing to allege error from the giving of Instruction No. 11.

Counsel did not object when the court read Preliminary Instruction No. 11 to the jury. It then was part of the final instructions. The motion to correct error did not include this allegation of error. Thus on appeal this issue is waived. *See Survance v. State* (1984), Ind., 465 N.E.2d 1076.

Moreover, we find fundamental error did not occur in the giving of Instruction No. 11.

Instruction No. 11 reads as follows:

"Malice, in law, and as used in the statute defining murder, has a technical meaning, including not only anger, hatred and revenge, but every unlawful and unjustifiable motive. It is not confined to ill-will towards one or more individual persons, but is used and intended to denote an action growing from any wicked and corrupt motive—a thing done with bad or malicious intent—where the act has been attended by such circumstances as carry in them the plain indication of a heart without regard for social duties, and fatally bent on mischief; and therefore malice may be implied from any deliberate and cruel act against another, however sudden."

Counsel not only made no objection to the instruction but in fact requested that it, along with other preliminary instructions, be reread to the jury.

In *Bailey v. State* (1985), Ind., 472 N.E.2d 1260, this Court stated that post-conviction relief is not open to the raising of issues available to a petitioner upon his original appeal.

In the instant case, we cannot say the trial court committed fundamental error since this Court has stated that this is an accurate statement of the law. *See Covington v. State* (1975), 262 Ind. 636, 322 N.E.2d 705; *Wahl v. State* (1951), 229 Ind. 521, 98 N.E.2d 671.

The trial court did not commit fundamental error in giving Instruction No. 11. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result.