James A. RATCLIFF, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S00–9011–CR–708.

Supreme Court of Indiana.

Sept. 23, 1991.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

PER CURIAM.

Appellant James A. Ratcliff was tried before a jury and found guilty on six offenses arising out of a drug arrest. He was also found to be an habitual offender.

The first four convictions consisted of two pairs of dealing and possession offenses. The State had charged that Ratcliff committed dealing in cocaine, a class A felony, Ind.Code § 35–48–4–1, and possession of cocaine, a class C felony, Ind.Code § 35–48–4–6. The State also charged Ratcliff with dealing in marijuana, a class D felony, Ind.Code § 35–48–4–10, and with possession of marijuana, a class D felony, Ind.Code § 35–48–4–11. These charges related to a single event on the evening of August 27, 1989. The claim was that Ratcliff was dealing in cocaine and that he committed the crime of possession by possessing the cocaine he was dealing. The marijuana charges were similar.

When the trial court sentenced Ratcliff, the judge indicated some concern about whether some of the offenses should merge into others. The court addressed that concern by entering convictions and sentences on all counts but making them concurrent: "In order to take care of any problems, from the standpoint of whether sentences ought to merge or whatever, I'll show that II through VI, all sentences will run concurrent or would merge with Count I." Record, p. 620.

Appellant contends that where the charge of possessing a drug is a lesser included offense of dealing in that drug, the offender cannot be convicted and sentenced on both the greater and lesser offenses, citing *Mason v. State* (1989), Ind., 532 N.E.2d 1169. The Attorney General properly concedes that appellant is correct.

Accordingly, we remand this cause to the trial court for entry of a new sentencing order vacating the convictions and sentences imposed for the possession counts. Otherwise, the judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.