Larry Tyrone **FULLER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9309–CR–472.

Court of Appeals of Indiana, Second District.

Aug. 29, 1994.

William D. McCarty, Anderson, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

KIRSCH, Judge.

Appellant-defendant Larry Tyrone Fuller pled guilty to Murder,[1] Felony Murder,[2]

1. IC 35–42–1–1(1) (1992 Supp.).

2. IC 35–42–1–1(2) (1992 Supp.).

Robbery,[3] a Class B felony, and Criminal Confinement,[4] a Class B felony. On appeal, Fuller claims that he was improperly sentenced because: 1) double jeopardy bars his convictions and sentences for all but the felony murder charge; and, 2) the trial court impermissibly enhanced his sentence.

We affirm in part and reverse in part.

## FACTS

The facts underlying Fuller's guilty plea are that on August 20, 1990, Fuller entered a liquor store in Anderson, Indiana, while carrying a gun he had taken from his grandfather. Fuller pointed the gun at the store clerk and ordered the clerk to give him all of the money. After the clerk put the money in a bag, he followed Fuller's instructions to move to the back of the store and lie down. As the clerk lay on the floor, Fuller shot him twice in the head. The clerk died as a result.

Fuller left the liquor store and hid the gun he used to shoot the clerk. He then fled the state and went to Mississippi where he was eventually arrested for the present offenses. Fuller pled guilty to the charged offenses of murder, felony murder, robbery, and criminal confinement. The trial court entered judgment of conviction on each count and sentenced Fuller to 50 years for murder, 50 years for felony murder, 20 years for robbery, and 10 years for criminal confinement, all to run concurrently.

## DISCUSSION AND DECISION

### I. Double Jeopardy

■ Fuller first contends that his sentence violates the constitutional prohibition against double jeopardy. The parties agree that Fuller cannot be convicted and sentenced for both murder and felony murder because only one killing occurred.[5] See Tapia v. State (1991), Ind., 569 N.E.2d 655, 657. The parties disagree, however, on which offense Full-er should be convicted and sentenced. Fuller contends that he should be convicted and sentenced for the felony murder and that the murder should be vacated. As a result, Fuller argues, the robbery, as the felony underlying the felony murder conviction, merges therein. On the other hand, the State argues that Fuller should be convicted and sentenced on the murder charge, that the felony murder conviction should be vacated, and that the robbery should remain. Thus, whether Fuller is convicted and sentenced for murder or for felony murder will determine whether he will escape punishment for the robbery.

Resolution of this issue requires reference to double jeopardy principles. See Swafford v. State (1986), Ind., 498 N.E.2d 1188, 1191 (analysis of whether convictions should be merged must be based on double jeopardy principles). Those principles protect a defendant from re-prosecution for the same offense following an acquittal, re-prosecution for the same offense following a conviction, and from multiple punishment for the same offense. Dawson v. State (1993), Ind.App., 612 N.E.2d 580, 583–84. It is the latter prohibition that is at issue here.

Our supreme court discussed double jeopardy principles as they relate to murder and felony murder in Schiro v. State (1989), Ind., 533 N.E.2d 1201, cert. denied, 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989). In Schiro, the defendant was charged with three counts of murder: a knowing killing in Count I; murder in the course of committing rape in Count II; and murder in the course of committing deviate sexual conduct in Count III. Id. at 1208 (DeBruler, J., dissenting). The jury returned a guilty verdict only as to Count II felony murder and was silent as to the remaining two counts. Id. The trial court imposed the death penalty based upon the aggravating circumstance that the murder was committed intentionally. Our su-

---

3. IC 35–42–5–1 (1988 Ed.).

4. IC 35–42–3–3 (1992 Supp.).

5. Defense counsel brought this principle to the trial court's attention, but the trial court declined to vacate one of the convictions. The trial court reasoned that no harm would result from leaving the convictions intact because the sentences were ordered to be served concurrently. Regardless of the manner of sentencing, however, a defendant may not stand convicted of both murder and felony murder when both convictions arise out of a single homicide. Johnson v. State (1987), Ind., 516 N.E.2d 1053, 1054.

preme court held that double jeopardy did not prevent the trial court from relying on the intentional nature of the killing as the basis for imposing the death penalty. The court explained that:

> "One can be found guilty of felony murder where the intention was to commit the underlying felony without necessarily intending to commit the murder. It does not follow, however, that one convicted of felony murder cannot be shown to have intentionally killed the victim while perpetrating the felony.... The crimes of murder and felony murder each contain elements different from the other but are equal in rank. One is not an included offense of the other...."

*Id.* at 1207–08. Thus, the crimes of murder and felony murder are statutorily distinct offenses.

■ It is the fact that Fuller committed only one killing that makes felony murder and murder the same offense for purposes of double jeopardy. *See Franks v. State* (1975), 262 Ind. 649, 656, 323 N.E.2d 221, 225. This being so, it must be determined which conviction and sentence will be vacated and which conviction and sentence will remain.

Our task is complicated by the divergence of authority addressing the proper method of convicting and sentencing for murder and felony murder. In one instance, our supreme court held that "[t]he conviction for murder merges with the conviction for felony murder[,]" and directed the trial court to vacate the murder conviction, leaving the felony murder conviction remaining. *Martinez Chavez v. State* (1989), Ind., 534 N.E.2d 731, 739; *see also Rondon v. State* (1989), Ind., 534 N.E.2d 719 (defendant convicted of felony murder and murder; murder conviction ordered expunged "the same having merged" with the felony murder conviction), *cert. denied*, 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 383 (1989). Both *Martinez Chavez* and *Rondon* relied upon *Sandlin v. State* (1984), Ind., 461 N.E.2d 1116, in which our supreme court took the opposite approach and ordered that the defendant's two convictions for felony murder be vacated while the murder conviction remained. *See also James v. State* (1980), 274 Ind. 304, 411

N.E.2d 618 (defendant convicted of murder, murder in the perpetration of a robbery, and murder in the perpetration of a kidnapping; latter two offenses ordered vacated). In yet another instance, our supreme court has merely remanded the matter without specifying the manner in which the offenses were to be treated. *See Tapia*, 569 N.E.2d at 658 (trial court directed to "merge the convictions of murder and felony murder and to impose only one sentence."); *Franks*, 262 Ind. at 658, 323 N.E.2d at 226 (defendant convicted of felony murder and pre-meditated murder, and received a life sentence on each; matter remanded "with instructions to vacate one of the life sentences.").

Unlike the present case, none of the foregoing cases involved convictions for felonies in addition to the murder convictions. Thus, there was no consequence flowing from whether the defendant was convicted and sentenced on the murder or on the felony murder. In *Pointon v. State* (1980), 274 Ind. 44, 408 N.E.2d 1255, however, the defendant was charged, convicted, and sentenced for first degree murder, felony murder, and the additional felony of rape. Finding that the defendant could not be sentenced for both counts of murder based upon the homicide of one individual, our supreme court ordered that the judgment and sentence for felony murder be vacated, leaving the murder and rape convictions and sentences remaining. *See also Hicks v. State* (1989), Ind., 544 N.E.2d 500 (defendant convicted of murder, felony murder, robbery, burglary, dealing in a sawed off shotgun, and resisting law enforcement; felony murder conviction ordered vacated) *and Johnson v. State* (1987), Ind., 510 N.E.2d 174 (defendant convicted of murder, felony murder, commission of a felony while armed, and conspiracy to commit a felony) *reh'g granted*, 516 N.E.2d 1053 (felony murder conviction ordered vacated).

■ *Pointon, Hicks,* and *Johnson,* guide our decision today. We hold that when a defendant stands convicted of murder, felony murder, and an additional felony, the felony murder should be vacated and the murder conviction should remain. To hold otherwise would permit a person who commits an intentional murder while committing another felo-

ny to use the felony murder rule to escape punishment for the underlying felony. This simply cannot be. When a person intentionally murders a human being while committing another felony, punishment for both the killing and the other felony does not violate double jeopardy principles.

Accordingly, Fuller's conviction and sentence for felony murder must be vacated. Given this conclusion, Fuller's contention that the robbery should merge into the felony murder must necessarily fail.

■ Fuller next contends that his confinement conviction should merge into his robbery conviction pursuant to this court's decision in *Ryle v. State* (1990), Ind.App., 549 N.E.2d 81, *trans. denied.* Fuller is correct.

A person commits criminal confinement when he:

"[K]nowingly or intentionally:

(1) Confines another person without the other person's consent; or

(2) Removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another[.]"

IC 35–42–3–3 (1992 Supp.). In *Ryle,* Judge Shields explained:

"The elements of robbery ... are knowingly or intentionally taking property from the presence of another person (1) by using or threatening the use of force on any person, or (2) by putting any person in fear. IC 35–42–5–1 (1988). Necessarily or inherently included offenses are those which must first be committed in order to commit the greater offense. If property is taken from a person or from a person's presence by force, threat of force, or by placing the person in fear—i.e., where robbery is established—the element of force, whether actual, threatened, or constructive, constitutes the crime of confinement defined as a substantial interference with a person's liberty.

In other words, force equals confinement, albeit brief. However, any confinement of the victim beyond that inherent in the force used to effectuate the robbery constitutes a violation of the confinement statute apart from the violation inherent in the offense of robbery."

*Id.* at 84–85 (citations and footnote omitted).

Proper double jeopardy analysis provides that:

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Bigler v. State* (1992), Ind.App., 602 N.E.2d 509, 520 (citing *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, *trans. denied*). Pursuant to this test, robbery and confinement constitute statutorily distinct offenses. *See, e.g., Brim v. State* (1984), Ind., 471 N.E.2d 676. A complete double jeopardy analysis, however, requires an examination of "the factual bases alleged by the State in the information or indictment and upon which the charges are predicated." *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 507.

Count III of the Information alleged that: LARRY TYRONE FULLER did knowingly by using and threatening the use of force, and putting MALCOLM J. RANDOLPH in fear while armed with a deadly weapon, to-wit: a loaded firearm, take property, to-wit: U.S. Currency from the presence of MALCOLM J. RANDOLPH.

*Record* at 9. Count IV of the Information alleged that:

LARRY TYRONE FULLER did knowingly confine MALCOLM J. RANDOLPH without the consent of MALCOLM J. RANDOLPH and while said LARRY TYRONE FULLER was armed with a deadly weapon, to-wit: a loaded firearm.

*Record* at 9. These charges are virtually indistinguishable from those at issue in both *Ryle* and *Wethington;* that is, the factual basis underlying the confinement charge does not allege that Fuller employed any force other than that necessary to effectuate the robbery.

The State contends that double jeopardy is not offended because Fuller committed two separate offenses. More specifically, the

State contends a separate act of confinement occurred when Fuller forced the clerk at gunpoint to move from behind the counter to the back of the liquor store. It is true that the facts of this case establish that Fuller compelled the clerk by threat of force to move from the front of the store to the back of the store, and that such facts constitute an offense under IC 35–42–3–3(2) which is separate from the robbery. *See Ryle,* 549 N.E.2d at 85; *see also Kelly v. State* (1989), Ind., 535 N.E.2d 140 (IC 35–42–3–3 contains two distinct types of criminal confinement: confinement by non-consensual restraint in place and confinement by removal). As in *Ryle,* however, Fuller was not charged with a confinement by removal under IC 35–42–3–3(2). Rather, the language of the charging instrument alleges a non-consensual confinement without making any distinction between the factual basis for that confinement and the facts necessary to prove the force element of the robbery. Thus, pursuant to *Ryle* and *Wethington,* Fuller's conviction and sentence for confinement must be vacated.

## II. Sentence Enhancement

■ Fuller next challenges the trial court's imposition of enhanced sentences.[6] The presumptive sentence for murder is 40 years to which no more than 20 years may be added for aggravating circumstances. IC 35–50–2–3 (1988 Ed.). The presumptive sentence for robbery as a Class B felony is ten years to which no more than ten years may be added for aggravating circumstances. IC 35–50–2–5 (1988 Ed.). Thus, Fuller's sentences of 50 years for murder and 20 years for robbery were within the term of years authorized by statute.

■ Sentencing decisions rest within the sound discretion of the trial court. *Wells v. State* (1991), Ind.App., 568 N.E.2d 558, 562. A statutorily authorized sentence will not be revised on appeal unless the sentence is manifestly unreasonable. *Bockting v. State* (1992), Ind.App., 591 N.E.2d 576, 582, *trans. denied.* A sentence is manifestly un-

reasonable only if no reasonable person could find the sentence appropriate to the nature of the offense and the character of the offender. *Lockard v. State* (1992), Ind.App., 600 N.E.2d 985, 987, *trans. denied;* Ind.Appellate Rule 17(B). The trial court has the discretion to increase or decrease the presumptive penalties based on aggravating or mitigating circumstances. *Faulisi v. State* (1992), Ind.App., 602 N.E.2d 1032, 1040, *trans. denied.* When enhanced or consecutive sentences are imposed, the record must reflect the court's consideration of the facts of the specific crime and the relation of the sentence to the objectives to be served by that sentence. *Gregory v. State* (1992), Ind. App., 604 N.E.2d 1240, 1241, *trans. denied.* The court's statement should set forth:

> "[A]ll significant aggravating and mitigating circumstances, include a specific reason why each circumstance is mitigating or aggravating, and weigh mitigating circumstances against the aggravating factors."

*Sims v. State* (1992), Ind., 585 N.E.2d 271, 272 (citation omitted).

Here, the court adequately identified the aggravating and mitigating circumstances. With respect to aggravating factors, the court found Fuller had a criminal history; he committed the offenses with a firearm he stole from an elderly person; and even if the first shot was accidental as Fuller claimed, the second shot he inflicted on the victim was done deliberately and willfully. In mitigation, the court noted that Fuller was only 17 years old when he committed the offenses; he had limited intellectual capacity; and he came from a troubled childhood. In weighing the aggravating and mitigating circumstances, the court indicated its inclination to sentence Fuller to the maximum 60–year term but that Fuller's young age dissuaded it from doing so. Given that articulation of only one aggravating factor is sufficient to impose enhanced sentences, and given further that a prior criminal history constitutes a sufficient aggravating factor, the trial court

---

6. Fuller challenges the enhancement of his sentences for murder, felony murder, and robbery. Because we vacate the felony murder conviction and sentence, Fuller's challenge to that sentence

is moot. Accordingly, we will address only the enhancement of Fuller's sentences for murder and robbery.

was within its discretion to impose enhanced sentences. *See Faulisi,* 602 N.E.2d at 1040.

■ Fuller contends the trial court impermissibly relied on his juvenile record to enhance his sentence, citing *Day v. State* (1990), Ind., 560 N.E.2d 641. In *Day,* our supreme court held that the trial court impermissibly relied on the defendant's juvenile record as a sentence aggravator because "the presentence report and the rest of the record before the trial court neither revealed any facts about the events constituting Day's juvenile history nor demonstrated any adjudications." *Id.* at 643. The same cannot be said here. Unlike the record in *Day,* the record here revealed the disposition of the juvenile offenses, *Record* at 18, as well as the facts underlying those offenses. *Record* at 29. Thus, *Day* does not apply.

■ Fuller also contends he should not have received enhanced sentences because he did not kill a customer that entered the store after Fuller killed the clerk but before Fuller left the store. Further, Fuller argues enhanced sentences were improper because this case "was simply a killing with no brutality for its own sake." *Appellant's Brief* at 11. At best, these are additional mitigating circumstances that the trial court was not bound to consider. *See Hicks v. State* (1994), Ind.App., 631 N.E.2d 499, 502 (mitigating factors are not a mandatory consideration in sentencing), *trans. denied.*

Finally, Fuller contends that he should be treated the same as the defendant in *Hill v. State* (1986), Ind., 499 N.E.2d 1103. In *Hill,* our supreme court revised an enhanced sentence because the defendant: 1) was 18 years old; 2) had no adult felony convictions; 3) was unarmed during the offense; 4) was convicted of an A felony rather than a B felony because the victims were injured, but such injuries occurred when the defendant was trying to escape apprehension rather than as a direct result of force or threat of force in the commission of the offense. *Id.* at 1109–10. The court noted that the change in severity from a B felony to an A felony already operated to enhance the defendant's sentence, and a further enhancement was

manifestly unreasonable. Due to the obvious factual dissimilarities between the offense in *Hill* and Fuller's offenses, the same cannot be said here. While Fuller was approximately the same age as Hill and had no adult felony convictions prior to the instant offense, he perpetrated these offenses while armed with a stolen gun. Further, the victim here was not merely injured but was killed as a direct result of Fuller's deliberate and callous use of force. Thus, the trial court properly enhanced Fuller's sentences.

We remand this case to the trial court with instructions to vacate Fuller's convictions and sentences for felony murder and confinement. In all other respects, the trial court is affirmed.

SULLIVAN and NAJAM, JJ., concur.