**Melvin J. MORGAN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 27A02–9311–CR–623.**

Court of Appeals of Indiana, Second District.

March 9, 1995.

Brent Westerfeld, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

KIRSCH, Judge.

Melvin J. Morgan was tried by a jury and convicted of Conspiracy to Deal in Cocaine, a Class A felony, Dealing in Cocaine, a Class B felony, and Possession of Cocaine With Intent to Deliver, a Class A felony.[1] Morgan raises five issues for our review which we consolidate and restate as:

I. Whether the trial court committed fundamental error when it instructed the jury that possession of a large amount of a controlled substance in excess of what could be personally consumed is circumstantial evidence of an intent to deliver.

II. Whether the trial court erred by failing to determine the voluntariness of Morgan's statement to police.

III. Whether Morgan's convictions and sentences are barred by double jeopardy principles.

IV. Whether Morgan's sentence was manifestly unreasonable.

We affirm in part and reverse in part.

## FACTS

The facts most favorable to the jury's verdict disclose that on the morning of Sunday, November 15, 1992, Morgan sold one rock of crack cocaine to an undercover police officer for $30.00. In effecting the sale, Morgan displayed several cocaine rocks to the undercover officer and allowed him to pick one. The officer put the single rock in his pocket while Morgan retained the unselected rocks. When assisting officers rushed into the room to arrest Morgan, Morgan dropped eighteen individually-wrapped cocaine rocks worth approximately $800. When Morgan was arrested the police seized cocaine and various other items from the room where the drug buy occurred.

After being advised of his *Miranda*[2] rights and signing a waiver of rights form, Morgan admitted that he, and others, were working for a person known as Gemier Wilson. Morgan told police that on the preceding Friday, he and Wilson travelled in a rental car from Detroit to Marion, Indiana, with $4,000 worth of crack cocaine for the sole purpose of selling it. Morgan revealed that Wilson was staying at a nearby motel, and that Wilson had stopped by the apartment Morgan had used to sell cocaine earlier that day to pick up the proceeds of the sales. According to Morgan, Wilson was carrying about $1,700 to $1,800 in cash. Finally, Morgan admitted having made seventy to eighty cocaine sales since his arrival in Marion on Friday.

Morgan's statement was used to secure a search warrant for Wilson's motel room. During the search, the police found a key hidden in Wilson's closet. The key opened the rental car referred to by Morgan. A search of the car revealed $1610 in the glove compartment, and a paper bag containing ninety-four prepackaged cocaine rocks and approximately 110 one-half by one-half-inch ziplock baggies. Police had already arrested a third individual identified by Morgan as a member of his group on Friday evening or Saturday morning.

The State's forensic chemist testified that the eighteen cocaine rocks seized at the time of Morgan's arrest weighed approximately 3.80 grams, the single rock sold to the undercover officer weighed .2 grams, and the ninety-four individually-wrapped rocks seized from the rental car weighed 20.36 grams.

Prior to trial, Morgan filed a verified motion to suppress his statement and all the items seized from him at the time of his arrest. Morgan claimed that his statement was involuntarily made and, thus, obtained in violation of his Fifth Amendment protection against self-incrimination. He also claimed that the evidence obtained at the time of his arrest was procured in violation of his Fourth Amendment protection against illegal

---

1. IC 35–41–5–2 (1988 Ed.) (conspiracy); 35–48–4–1 (1992 Supp.) (substantive cocaine offenses).

2. *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

searches and seizures. The trial court held a hearing on the motion and found no Fourth Amendment violation. With respect to Morgan's Fifth Amendment claim, the court determined that a question of fact existed as to the voluntary nature of the statement, and that resolution of the factual controversy should be left to the jury. The statement was admitted at trial over Morgan's continuing objection.

## DISCUSSION AND DECISION

### I. Jury Instruction

■ Morgan contends the trial court erred when it instructed the jury that:

"Possession of a quantity of a controlled substance, such as crack cocaine, in excess of what could be personally consumed or utilized, is circumstantial evidence of intent to deliver."

*Record* at 89. As Morgan correctly points out, such an instruction impermissibly implies that he in fact possessed a large quantity of a controlled substance rather than leaving the determination of possession to the jury. *See Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1236; *Custard v. State* (1994), Ind.App., 629 N.E.2d 1289, 1290–91. In *Chandler*, our supreme court held a similar instruction constituted reversible error because it was erroneous and misleading in the following respects:

"First, it implicitly posits that the evidence proves beyond a reasonable doubt that appellant was in fact in possession of a large amount of narcotics. This is a matter which must first be considered and determined by the jury as the trier of fact and is not a matter which may be resolved by the Court in its instructions, implicitly or explicitly. Second, it is not a suggestion as to what evidence of possession of a large amount of contraband narcotics may tend to prove, but is instead a categorical statement of what it does prove, i.e., intent to deliver. Third, the categorical form of the instruction does not invite the jury to consider the evidence of the possession by appellant of a large quantity of contraband as proof of intent to deliver, but commands the jury to do so and binds the conscience

of the jury to do so. This exceeds the authority granted Indiana trial judges to comment upon the evidence."

581 N.E.2d at 1236.

■ The instruction in *Chandler* was given over the defendant's objection. Here, however, Morgan failed to object to the challenged instruction. He attempts to avoid the State's claim of waiver by asserting that the giving of the instruction constituted fundamental error. Fundamental error is "a substantial blatant violation of basic principles rendering a trial unfair to the defendant, and which, if not corrected would deny the defendant fundamental due process." *Sailors v. State* (1992), Ind.App., 593 N.E.2d 202, 207, *trans. denied.*

■ The challenged instruction relieved the State of its burden of proving two essential elements of the crime: possession and intent to deliver. This was fundamental error. *See Townsend v. State* (1994), Ind., 632 N.E.2d 727 (verdict instruction that relieved State of its burden of proving the offense as charged denied defendant fair trial and due process, and thus, was fundamental error); *Buie v. State* (1994), Ind., 633 N.E.2d 250, 253 (an instruction that relieves the government of its burden of proof with respect to an element of the crime charged is constitutionally defective); *see also David v. State*, (1995), Ind.App., 646 N.E.2d 83 (jury instruction on intent to deliver similar to that given in *Chandler* constitutes fundamental error). Morgan's conviction for possession of cocaine with intent to deliver is reversed. Because this was a trial error and the State did not receive an adverse decision on a critical issue of fact at trial, double jeopardy does not bar retrial. *See Townsend*, 632 N.E.2d at 731.

### II. Admissibility of Statement

Morgan contends the trial court erred by failing to determine at the suppression hearing whether his statement was voluntary. The State concedes that some confusion arose at the hearing, but contends that the necessary determination of voluntariness was made.

Morgan claimed at the suppression hearing that his statement was involuntary be-

cause the police told him that if he did not talk, they would guarantee that he received a forty-year sentence. Also at that hearing, the police officer charged with making this representation denied having made it. As a result of this factual conflict, the trial court stated:

"There's a question of fact. The defendant is indicating there—that Officer Francis coerced him with a statement and that his voluntary—or his statement taken was involuntary and that he felt coerced or threatened either to help out, that is a question of fact for the trier of fact to determine whether or not it's voluntary or not; not whether it's admissible. So on Monday when this goes to trial, the jury will be instructed on that issue to make a determination of whether or not his statement was voluntary or involuntary. The Court will instruct the jury that they are to make such finding and not to consider that evidence as far as being admissible. And under this State if a question of fact is voluntary and it's at issue, because there's a dispute in the facts as to—to the taking of the statement."

*Record* at 242–43.[3]

The prosecutor then pointed out to the court that when questions of fact are tied to admissibility, it is for the court to make the factual determination. The court responded as follows:

"It's admissible, but whether or not it's— they are to disregard, the Court will instruct them they are to disregard it if they find that he did not voluntarily enter it."

*Record* at 243. In another attempt at clarification, the following exchange occurred between the court and the prosecutor:

"[Prosecutor]: Oh, I see. So the Court's not finding a violation of the Miranda. Simply—

The Court: Determine whether or not—

[Prosecutor]: —what weight the jury should give to it.

The Court: What weight should they give to it whether it's voluntary or involuntary."

*Record* at 244. Finally, the court's docket entry made in connection with the suppression hearing states:

"The Court now denies the defendant's Verified Motion To Suppress Evidence finding that the seizure of the items set forth in paragraph two of such motion to suppress were not seized in violation of the defendant's constitutional rights. The Court finds that the alleged statement under paragraph three that there is a disputed fact as to that statement or the effect thereof and that such issue presents a fact question for the trier of fact to determine the voluntariness of any statement made by the defendant."

*Record* at 6.

■ A defendant's statement to police is admissible at trial if the totality of the circumstances shows that the statement was made voluntarily and without inducement, violence, threats or other improper influences which could have overcome the free will of the accused. *Pasco v. State* (1990), Ind., 563 N.E.2d 587, 591. When a challenge to the admissibility of a confession is made, the State must prove the voluntary nature of the confession beyond a reasonable doubt. *Collins v. State* (1987), Ind., 509 N.E.2d 827, 830.

■ The voluntariness of a confession affects the admissibility as well as the weight and credibility to be afforded that confession. *Stanger v. State* (1989), Ind.App., 545 N.E.2d 1105, 1110–11. A distinction must be made between the competency of a confession as evidence and its probative value. *Stanger*, 545 N.E.2d at 1110. Indiana law allocates the determination of competency and credibility of a confession between the judge and jury. *Id.* Admissibility is to be determined by the court, not the jury, *Coates v. State* (1989), Ind., 534 N.E.2d 1087, 1093, whereas credibility is a determination for the jury, not the court. *Stanger*, 545 N.E.2d at 1110–11.

■ Both the court's admissibility determination and the jury's credibility determination require resolution of the factual question of voluntariness. A statement is not admissible if it is not voluntarily given. *Buie*, 633 N.E.2d at 256. Thus, the trial

3. The court did not give the promised instruction to the jury.

court must make a preliminary factual determination of voluntariness when assessing the statement's admissibility. The jury, however, remains the final arbiter of all factual issues under Article 1, Section 19 of the Indiana Constitution. Even if the court preliminarily determines that the statement is voluntary and admits it for the jury's consideration, then the defendant is still entitled to dispute the voluntariness of the statement once it is presented to the jury. Although the court has previously determined voluntariness in connection with the statement's admissibility, the jury may find that the statement was involuntarily given. If the jury makes such a determination, then it should give the statement no weight in deciding the defendant's guilt or innocence.

■ In Morgan's case, the trial court determined that the statement was admissible without making the required factual determination of voluntariness. This was error. The trial court was required to determine the evidentiary competence of the statement by making an initial factual determination of its voluntariness. Only upon the trial court's determination of voluntariness from a competency standpoint could the statement then be presented to the jury for its factual determination of voluntariness from a credibility standpoint.[4]

■ We cannot assume that the trial court's blanket determination of admissibility necessarily included the required determination of voluntariness, for it is clear from the trial court's explanation that it left the determination of voluntariness entirely up to the jury. Furthermore, voluntariness cannot be assumed from the fact that Morgan signed a waiver of rights form because the signing of such a form does not conclusively demonstrate a valid waiver. *See Green v. State*

(1991), Ind.App., 575 N.E.2d 296, 301, *trans. denied.* Finally, we cannot attribute to the court the prosecutor's statement that there was no *Miranda* violation. The trial court erred by failing to make an initial determination of the voluntariness of Morgan's statement thereby making the admission of the confession over Morgan's timely objection at trial improper.[5]

We express no opinion on whether the statement was or was not voluntary. We simply hold that the trial court must make this initial factual determination before admitting the statement for the jury's consideration.

■ Having found error, we are not necessarily bound to reverse Morgan's convictions. There is no constitutional requirement that an accused, once tried and convicted by the jury, be given a new trial if, later, an independent and reliable determination is made that the confession was voluntary and thus, properly before the jury. *Payne v. State* (1976), 168 Ind.App. 394, 400–01, 343 N.E.2d 325, 331 (citing *Jackson v. Denno* (1964), 378 U.S. 368, 376–77, 84 S.Ct. 1774, 1780–81, 12 L.Ed.2d 908, 915). So long as the defendant receives an independent and reliable determination of the voluntariness of his confession, out of the presence of the jury, he cannot establish harm from the trial court's error. *Id.*

Our supreme court, approving *Payne,* has determined that the failure to conduct a voluntariness hearing does not call for a new trial, but only requires that the case be remanded to the trial court for an evidentiary hearing on the issue of voluntariness. *Craig v. State* (1977), 267 Ind. 359, 365, 370 N.E.2d 880, 883. The court in *Craig* explained that if on remand the appellant is found beyond a

---

4. There are other types of evidence that require an initial determination by the court before the evidence is presented to the jury. *See, e.g., Harrison v. State* (1995), Ind., 644 N.E.2d 1243, 1251–52 (trial court must make initial determination of whether a witness is qualified as a matter of law to give expert testimony regarding DNA analysis before such testimony may be presented to the jury).

5. In a footnote, the State argues that Morgan has waived this issue by failing to object at the time

the contested statement was offered into evidence at trial. The record flatly contradicts the State's contention. Morgan filed a written request asking that the court show his continuing objection to admissibility of the statement. The court noted the request and denied the objection. At the time the statement was offered, defense counsel renewed his objection by stating, "[T]he only objection I have is the one on record[.]" *Record* at 382. In light of this timely objection, the issue was properly preserved for appeal.

reasonable doubt to have executed a valid waiver, the failure to conduct an earlier hearing is harmless error. *Id.* If not, the appellant's convictions must be reversed because of the erroneous admission of his confessions. *Id.*

■ We note that the decisions in both *Payne* and *Craig* were based upon a statute that has since been repealed. *See* IC 35–5–5–1 (repealed 1982). Despite the repeal of the statute, the common law has maintained the distinction between the trial judge's and the jury's roles in determining the admissibility and credibility of confessions. *See Stanger*, 545 N.E.2d at 1110. We continue to recognize this distinction.

■ We also note that in both *Payne* and *Craig* the trial court failed to conduct an evidentiary hearing on the voluntariness of the defendant's confession outside the presence of the jury. Here, however, the trial court held the necessary hearing, it simply failed to make the required factual determination of voluntariness. Consequently, Morgan has already had the opportunity to present evidence to the trial court outside the presence of the jury regarding the voluntary nature of his confession. For this reason, we remand this matter to the trial court for a determination of the voluntariness of Morgan's confession based upon the evidence contained in the record of the suppression hearing and without receiving any additional evidence on the issue. If, based upon the evidence already before it, the trial court determines that Morgan's confession was voluntarily given, the conspiracy and Class B dealing convictions should be affirmed. If, however, the trial court determines that Morgan's confession was given involuntarily, then all of his convictions should be reversed and a new trial granted.

## III. Double Jeopardy

■ Morgan contends that double jeopardy principles prohibit his convictions and sentences for both the dealing and possession charges because the conduct which constitutes those offenses is the same conduct that constitutes the overt act for the conspiracy charge.

In addressing a double jeopardy challenge, we are guided by the following principle:

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not."

*Bigler v. State* (1992), Ind.App., 602 N.E.2d 509, 520 (citing *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306), *trans. denied.* Once an examination of the statutory provisions is made and no double jeopardy violation is found, an examination must be made of "the factual bases alleged by the State in the information or indictment and upon which the charges are predicated." *Fuller v. State* (1994), Ind.App., 639 N.E.2d 344, 348 (quoting *Wethington v. State* (1990), Ind., 560 N.E.2d 496, 507).

In *Derado v. State* (1993), Ind., 622 N.E.2d 181, our supreme court analyzed the double jeopardy implications arising from charges of both dealing in cocaine and conspiracy to deal in cocaine. The court examined the relevant statutes and concluded that a person could be charged with both crimes without offending double jeopardy principles because each offense requires proof of an element the other does not. *Id.* at 184. The court explained:

"Conspiracy requires an agreement by two or more people to deal in cocaine and an overt act in furtherance of the agreement, but does not require that any cocaine ever be delivered. On the other hand, a conviction for dealing in cocaine requires an actual delivery."

*Id.* After examining the charging instrument, however, the court concluded that double jeopardy principles were violated because the overt acts alleged to constitute the conspiracy were the same five deliveries used to obtain the dealing convictions. Thus, "[t]he State was required to prove no facts to obtain the conviction for dealing in cocaine in addition to those facts that it was required to prove to obtain the conviction for conspiracy." *Id.*

In the present case, Count I of the charging information alleged that Morgan commit-

ted conspiracy to deal in cocaine when, between the dates of November 1, 1992 and November 15, 1992, he agreed with Gemier Wilson and others to deal in crack cocaine, and that in furtherance of such agreement, Morgan and/or his co-conspirators committed one or more of the following overt acts:

"1. Did travel from Detroit, Michigan to Marion, Grant County, Indiana.

2. To transport to Grant County a quantity of crack cocaine in an amount greater than three (3) grams.

3. Did obtain rental cars to travel to Grant County and to facilitate the distribution of crack cocaine in and around Grant County, Indiana.

4. Did acquire small plastic bags approximately ½″ × ½″ for the purpose of packaging crack cocaine rocks.

5. Did establish locations in Grant County known as 'spots' and/or 'crack houses' to sell crack cocaine.

6. Did sell crack cocaine."

*Record* at 10–11. Count II of the information alleges that Morgan knowingly delivered crack cocaine on or about November 15, 1992. The court read the charging informations to the jury as a part of the preliminary instructions. The final jury instructions on Count I and Count II generally mirrored the allegations contained in the charging informations, but did not inform the jury of the dates upon which Morgan allegedly committed the offenses.

The language of Count I alleges the commission of a conspiracy upon establishing any one of the enumerated overt acts. Similarly, the corresponding final jury instruction stated that a conspiracy was established if the State proved that Morgan or one of his co-conspirators committed "an" overt act in furtherance of the agreement. The instruction then listed the same overt acts as those set forth in the charging information. One of these overt acts is the sale of crack cocaine. Because neither the preliminary nor the final instructions informed the jury of the date upon which the overt act of the cocaine sale occurred, it is possible for the jury to have convicted Morgan of conspiracy based upon any one of the several alleged sales. It is also possible that the transaction between

Morgan and the undercover officer on November 15, 1992 was the sale of cocaine that constituted the sole overt act in furtherance of the conspiracy found by the jury. While the State presented evidence of other sales, the manner in which the offenses were charged and the jury was instructed relieved the State of the *requirement* to present such independent evidence. The State could have gained a conviction for conspiracy based upon the same overt act supporting the dealing conviction. This violates double jeopardy principles. Morgan's conviction and sentence for Count II, dealing in cocaine, must be vacated.

Morgan also contends that double jeopardy was violated by his convictions for both dealing and possession because those offenses are inherently lesser included offenses of each other. While the vacation of Morgan's dealing conviction renders this argument moot, we will address it to provide guidance should the trial court find Morgan's statement was involuntarily given and a retrial on all counts becomes necessary.

Our supreme court has determined that cocaine possession is a lesser-included offense of dealing in that drug. *Ratcliff v. State* (1991), Ind., 578 N.E.2d 359. *See also Thurman v. State* (1992), Ind.App., 602 N.E.2d 548, *trans. denied.* Our supreme court has also recognized that when the defendant is charged with possession of a drug *different* than that delivered, two separate convictions may be entered. *Collins v. State* (1988), Ind., 520 N.E.2d 1258. *See also Reynolds/Herr v. State* (1991), Ind.App., 582 N.E.2d 833, 839 (conviction on both possession and dealing appropriate when defendant sells some drugs and retains others in his possession, citing *Collins* ).

■ Here, Count II charged Morgan with dealing based upon his sale of the single cocaine rock to the undercover officer. Count III charged Morgan with possession with the intent to deliver based upon Morgan's possession of the eighteen cocaine rocks in addition to the one he sold to the officer. Because the delivery charge is based upon the sale of the single rock of cocaine to the undercover officer, while the possession

charge is based upon the possession of eighteen additional rocks of cocaine, double jeopardy is not offended. Morgan committed two separate offenses when he sold some drugs but kept others in his possession.

## IV. Sentencing

Lastly, Morgan argues that the sentence he received is manifestly unreasonable. The court ordered concurrent sentences of ten and thirty years on Counts II and III, the dealing and possession counts, to be served consecutively to the thirty years' imprisonment imposed on Count I, the conspiracy count. The court suspended fifteen of the years ordered on Count III, the class A possession conviction. At the time of sentencing, the sentence imposed on each offense was the presumptive sentence authorized by the legislature. IC 35–50–2–4 (1988 Ed.); IC 35–50–2–5 (1988 Ed.).

Morgan claims that the trial court erroneously failed to articulate the aggravating circumstances supporting the imposition of consecutive sentences and the mitigating circumstances justifying the suspension of a portion of his sentence on Count III. Given the disposition of Morgan's dealing and possession convictions above, we are left with reviewing only Morgan's presumptive sentence on the conspiracy conviction.

■■■ Sentencing decisions rest within the sound discretion of the trial court. *Wells v. State* (1991), Ind.App., 568 N.E.2d 558, 562. A statutorily authorized sentence will not be revised on appeal unless the sentence is manifestly unreasonable. *Bockting v. State* (1992), Ind.App., 591 N.E.2d 576, 582, *trans. denied.* A sentence is manifestly unreasonable only if no reasonable person could find the sentence appropriate to the nature of the offense and the character of the offender. *Fuller,* 639 N.E.2d at 349.

■■■ When the trial court imposes the presumptive sentence it has no obligation to explain its reasons for doing so. *Johnson v. State* (1983), Ind., 455 N.E.2d 932, 937. Furthermore, if the trial court does not find a mitigating factor exists after it has been argued by counsel at the sentencing hearing, the trial court is not obligated to explain why

it has found that the factor does not exist. *Fugate v. State* (1993), Ind., 608 N.E.2d 1370, 1374.

■■■ The record reflects that Morgan was involved in widespread criminal activity occurring as a consequence of the agreement to sell cocaine. Morgan and his co-conspirators executed a carefully planned and organized cocaine distribution operation. Morgan himself engaged in some seventy to eighty sales within the space of two days. Under these circumstances, we find the imposition of a presumptive sentence appropriate given the nature of the offense and the character of the offender.

## CONCLUSION

If the trial court on remand determines that Morgan's statement was voluntarily given to police, then Morgan's convictions and sentences are disposed of as follows:

1. Morgan's conviction and sentence on Count I, conspiracy, is affirmed.

2. Morgan's conviction and sentence on Count II, dealing in cocaine, is vacated on double jeopardy grounds. Retrial may not be had on this charge.

3. Morgan's conviction and sentence on Count III, possession of cocaine with the intent to deliver, is reversed based upon the erroneous instruction. Due to the nature of the error, the charge may be retried.

If the trial court on remand determines that Morgan's statement was involuntarily given, then all of Morgan's convictions and sentences are reversed. Because the admission of an involuntary statement amounts to a trial error, retrial may be had on all counts.

STATON, J. concurs.

GARRARD, J. concurs in part and dissents in part, with separate opinion.

GARRARD, Judge, concurring in part and dissenting in part.

While I concur in Issues II, III and IV, I must dissent to the majority's disposition of Issue I which concerned instructing the jury that "[p]ossession of a quantity of a con-

trolled substance ... is circumstantial evidence of intent to deliver."

Contrary to the majority's view and the view expressed in *Chandler v. State* (1991) Ind., 581 N.E.2d 1233, I cannot see how this language invades the province of the jury by "implicitly positing" that the evidence proves beyond a reasonable doubt that Morgan was in fact in possession of a large amount of narcotics. To me it simply, and quite permissibly, says to the jury that if it finds that he possessed a large quantity then that constitutes evidence from which the jury may permissibly infer an intent to deliver. Even so, I agree that we are constrained by *Chandler* to hold that giving the instruction over proper objection is reversible error.

In this case there was, however, no objection whatever made to the instruction. The majority says giving the instruction was fundamental error. It is with this contention that I vigorously disagree. Of course, the error produced legally cognizable prejudice to Morgan. Otherwise it would be harmless error even if a proper and timely objection had been made. I believe that fundamental error is, and should be, made of sterner stuff. We have traditionally limited it to error so blatant and egregious that it denies a defendant fundamental due process. *See, e.g., Thornton v. State* (1991) Ind., 570 N.E.2d 35, 36. It must be distinguished from error that is harmful and prejudicial but that should properly remain subject to the contemporaneous objection rule. The error in giving the instruction at issue is simply not of that genre. I therefore dissent and would affirm the conviction for possession with intent to deliver.