**Martez L. POWELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 18S00–9405–CR–483.

Supreme Court of Indiana.

Dec. 7, 1994.

Ana M. Quirk, Jack Quirk, Muncie, for appellant.

Pamela Carter, Atty. Gen., Dana Childress–Jones, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Martez Powell killed a Ball State architecture student who was delivering Dominos pizzas. The record reveals that Powell and two companions followed young Anthony Sak for the purpose of robbing him. When the robbery was complete, Powell forced Sak down on his knees, put a gun to the back of his head and shot him dead. Powell later pled guilty to murder, Ind.Code Ann. § 35–42–1–1 (West 1986 & Supp.1992). The trial court sentenced him to the maximum penalty for murder, sixty years, a sentence which Powell now appeals. We affirm.

■ Powell contends the trial court erred in admitting into evidence at his sentencing hearing a sworn statement given to the Ball State University police by a friend of Powell's, Nicole Shouse. She related a telephone conversation with Powell in which he told her she should have reason to be afraid of him. He described what sounded like motivation for killing Sak:

> [H]e said do you know when you were a little kid and you feel like your [sic] going to do everything in the world to accomplish something ... he said, "well, I did it", and

he meant any man in the world can accomplish something and he said 'I don't feel I'm meant to do anything else', then he told me he had shot the Ball State guy.

R. at 280. Counsel contends that admitting this statement was error because it was hearsay and because Powell did not have the opportunity to cross-examine Shouse in order to correct errors in her statement.

Powell acknowledges that strict rules of evidence do not apply in sentencing hearings and that hearsay evidence is admissible. *Thomas v. State* (1990), Ind.App., 562 N.E.2d 43. Of course, Powell did have the opportunity to inform the court of any inaccuracies in the Shouse statement. The statement did carry some indicia of reliability, inasmuch as it was a sworn statement. Moreover, its reliability was buttressed by Powell's own testimony at the sentencing hearing. Asked whether he had ever told one of his friends that he "shot him to see what it feels like to shoot somebody," Powell responded, "I don't think I used those exact words." R. at 234. We find no error in admitting the statement.

■ Powell also argues that his sixty-year sentence is manifestly unreasonable, contending that the trial court wrongly declined to enter findings on a number of proposed mitigating circumstances. The court did find that Powell's age was a mitigating circumstance.

Powell points to portions of the presentence report covering such items as his various foster placements and time spent in the Delaware County Children's Home, the result of abandonment by a schizophrenic mother. While these might have some mitigating weight, the trial court found about fifteen aggravating circumstances on which to base its enhancement of the standard sentence for murder. It noted that Powell had a history of violence; that he conspired with others to commit the crime and stalked the victim prior to the killing; and that he had killed Sak despite Sak's complete submission and helplessness, executing a kneeling victim. The court noted that Powell had continued to exhibit violent, destructive behavior while incarcerated in the jail awaiting trial and displayed no remorse toward his victim. In

light of these substantial aggravators, we cannot say that the trial court's sentence was unreasonable. *See Sims v. State* (1992), Ind., 585 N.E.2d 271.

 Finally, Powell asserts that the trial court erred in considering as an aggravating circumstance the charges of attempted murder for an occurrence after the Sak killing, charges that were still pending at the time of his sentencing in this case. Criminal history may be established as an aggravating circumstance either through a conviction, through the defendant's admission that he committed other crimes, or through evidence of other crimes presented at trial or at sentencing. *Tunstill v. State* (1991), Ind., 568 N.E.2d 539.

 The State did not present evidence proving he committed the attempted murder, but Powell informed the probation officer who did the pre-sentence report that he had shot the victim in that case. Moreover, this Court has held that criminal charges pending at the time of sentencing may be considered aggravating circumstances. *Dillon v. State* (1986), Ind., 492 N.E.2d 661; *Stark v. State* (1986), Ind., 489 N.E.2d 43, 48. Presumably, such aggravators are entitled to modest weight. The trial judge probably saw it that way, mentioning only briefly in his sentencing order that "the offense pending in Delaware County Superior Court No. 1 occurred subsequent to the current offense." R. 295. This modest mention among the many other aggravating circumstances is not grounds for setting aside Powell's sentence.

We affirm the trial court.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.