**Jason K. BROWN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 10S00–9501–CR–172.

Supreme Court of Indiana.

June 19, 1996.

Dawn R. Elston, Chief Public Defender, Jeffersonville, for Appellant.

Pamela Carter, Attorney General, Janet L. Parsanko, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Jason K. Brown pled guilty to murder and conspiracy to murder. The trial court imposed concurrent sentences of sixty and thirty years. Brown appeals, contending that the sentence of sixty years for murder was excessive. We affirm.

Through his work at the Golden Corral, Brown became friends with his boss Valerie Stanley, Stanley's lover Debra Poland, and one Marvin Ferguson. Beginning in late October 1993, the four started discussing the possibility of killing Kimberly Lindsey, Poland's former lover. Stanley and Poland told the young men that they could have any life insurance money that might be obtained as a result of killing Lindsey. It was finally agreed that they would kill Lindsey on the night of November 20.

Poland called Lindsey and asked her to meet at the Annex Bar in Louisville. The two then drove to a motel in Jeffersonville, Indiana. Brown, Ferguson, and Stanley followed them in a separate car. Poland and Lindsey entered one of the hotel rooms. Brown and Ferguson entered the room later, while Lindsey was in the bathroom. Brown tackled Lindsey, and Brown and Ferguson spent several minutes choking her to death.

All four conspirators were charged. The two women pled guilty and received thirty-year sentences. Ferguson was found guilty at trial and received forty years. Brown pled guilty under a plea agreement providing simply that the sentences for conspiracy and murder would be served concurrently. He challenges the trial court's decision to enhance the murder sentence to sixty years, claiming that the sentence is disproportionate, manifestly unreasonable, and not supported by the aggravating circumstances.

The court found one mitigating circumstance (the fact that Brown had no prior criminal record) and several aggravating circumstances. The judge indicated that none of the defendants, including Brown, had ever given fully truthful accounts of the crime, but the judge was satisfied that the perpetrators had gone beyond choking the victim with their bare hands, that they had used a ligature. The judge found the method of killing to be an aggravating circumstance, saying that the killing "was a preplanned, intentional, matter of fact murder." (R. at 210). He noted that the victim had embarked on what she believed was "a peaceful trip to that particular motel in an attempt to resolve . . . a dispute between herself and her former associate." (R. at 211.) "This woman had absolutely no chance whatsoever," he concluded. (R. at 210.)

The court also gave weight to the position taken by the victim's family, as an aggrava-

ting circumstance. The victim's parents had submitted a letter to the court urging a harsh sentence, and the victim's sister testified at the sentencing hearing about the continuing pain of the entire family over the loss of Kimberly Lindsey.

Finally, the trial court said that Brown was in need of rehabilitative treatment that could best be provided by commitment to a penal facility. Ind.Code Ann. § 35–38–1–7.1(b)(3) (West Supp.1995). Of the aggravating circumstances, this appears to be entitled to the least weight. After all, there was never any doubt that Brown would be sent to prison instead of being sentenced to probation, work release, or some other penalty short of incarceration.

Otherwise, the trial court's findings were adequate to support enhancing Brown's sentence. There were several valid aggravating circumstances, and even a single aggravating circumstance may be sufficient to sustain a sentence enhancement. *Reaves v. State*, 586 N.E.2d 847 (Ind.1992). We find that the listed aggravating circumstances are entitled to sufficient weight that they support the sentence. It is therefore not manifestly unreasonable. Ind. Appellate Rule 17. It is also not disproportionate to the offense under the Indiana Bill of Rights. Ind. Const. art. 1, § 16. As the trial judge pointed out, had Brown been found guilty after a trial, the sentence could have ranged much higher than it finally did (up to 110 years).

Finally, Brown contends that the trial court erred in giving him a sentence higher than the sentences imposed on his coconspirators. The contention is consistent with Brown's complaint to the probation officer who wrote the pre-sentence report. Having admitted that he tackled the victim and joined in choking her to death, Brown declared that "they are giving the two [women] who caused the whole thing less time." (R. at 95.) The trial court did not err in giving Brown a sentence higher than the sentences of his co-conspirators. *Lopez v. State*, 527 N.E.2d 1119, 1133 (Ind.1988) ("[N]o authority requires co-participants to receive proportional sentences.").

We affirm the judgment of the trial court.

DICKSON and SELBY, JJ., concur.

DeBRULER, J., dissents with separate opinion in which SULLIVAN, J., joins.

DeBRULER, Justice, dissenting.

In general, the maximum penalty for an intentional homicide should be reserved for the individual who is a repeat offender, and who has been highly dangerous and cruel to others over a period of time. Appellant was twenty years old when he killed. He had no history of criminal conduct at all, and part of his motivation was the belief this victim had brutalized his friend. Appellant did plead guilty. Accordingly, I do not believe appellant is a candidate for the maximum penalty. I would order the sentence reduced to the standard presumptive sentence for intentional homicide.

SULLIVAN, J., concurs.