## Telly GANT, Defendant–Appellant,

v.

## STATE of Indiana, Plaintiff–Appellee.

### No. 49S00–9703–CR–185.

Supreme Court of Indiana.

April 30, 1998.

David M. Henn, Cohen & Morelock, Indianapolis, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

In this appeal from his convictions for the murder[1] of Anthony Alexander and the attempted murder[2] of Gordon Murrell, the defendant, Telly Gant, presents four claims of error: (1) sufficiency of the evidence; (2) denial of tendered instructions on voluntary intoxication and voluntary manslaughter; (3) cumulative autopsy evidence; and (4) manifestly unreasonable sentence. We affirm.

A brief summary of the evidence is necessary for our discussion of the issues. On the evening of June 16, 1994, Gordon Murrell and Anthony Alexander joined defendant and three other men at an Indianapolis apartment building parking lot, where they discussed homosexuality. After the defendant engaged in homosexual activity with Murrell and one of the other men in the basement of the apartment building, the six men went to Murrell's apartment where they talked, consumed alcohol, and watched homosexual pornographic videos. Some of the men again engaged in homosexual activity. At one point, the defendant went into the bathroom with Alexander for about ten minutes. The defendant came out of the bathroom with an "angry expression" on his face. Record at 446. All of the men except Alexander and Murrell left the apartment after about two hours. Immediately outside the apartment door, the defendant stated to the two men who left with him that he wanted to "jump" Alexander. Record at 394. The defendant then knocked on the apartment door and, when Alexander opened the door, the defendant and one companion entered the apartment. The defendant attacked Alexander. Murrell emerged from the bathroom, and a melee ensued among the four men. At some point Alexander yelled that he had been stabbed. Murrell testified that he saw "the motions of arms" and that he saw the defendant stabbing Alexander. Record at 254–55. Murrell ran to assist Alexander, forcing himself between Alexander and the defendant. After Alexander yelled, the defendant's two companions left the apartment building and got into the car they had driven to the apartment complex. The were followed shortly thereafter by the defendant, who was carrying a bloody knife and wearing bloody clothes. The defendant's two companions each testified that neither of them had carried a weapon that night. When the defendant joined them in the car, he told them to drive away and warned them not to mention what happened that night. Murrell sustained numerous stab wounds, but survived. He testified that he did not realize until later that he had been stabbed. Alexander died of his stab wounds.

## Sufficiency of Evidence

The defendant contends that there was insufficient evidence to prove that he was the person who stabbed the two victims. He argues that his possession of a knife as he exited the apartment is insufficient to prove that he used it to stab the victims. An appellate claim of insufficient evidence will be denied if, considering the evidence and inferences supporting the judgment, we conclude that a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Case v. State,* 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State,* 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

---

1. IND CODE § 35–42–1–1 (1993).

2. IND.CODE § 35–42–1–1 (1993); IND.CODE § 35–41–5–1 (1993).

Not only was the defendant's possession of the bloody knife probative evidence from which the jury could have reasonably inferred that he was the assailant, Murrell testified that he saw the defendant stabbing Alexander. The evidence was sufficient to find that the defendant used a knife to stab both Alexander and Murrell.

### Jury Instructions

■ The defendant contends that the trial court erroneously refused his tendered instructions as to the defense of voluntary intoxication and as to the lesser-included offense of voluntary manslaughter.

■ The manner of instructing the jury lies within the sound discretion of the trial court. *Wrinkles v. State,* 690 N.E.2d 1156, 1161 (Ind.1997). In reviewing a claim that the trial court erred in refusing to give an instruction, an appellate tribunal considers whether: (1) the tendered instruction correctly states the law; (2) there is evidence to support giving the instruction; and (3) the substance of the tendered instruction is covered by other instructions already given. *Griffin v. State,* 644 N.E.2d 561, 562 (Ind. 1994).

■■ Our resolution of this claim is determined by whether the evidence supports the tendered instruction. An intoxication instruction should be given only where "the evidence relevant to the defense, if believed, was such that it could have created a reasonable doubt in the jury's mind that the accused had acted with the requisite mental state or specific intent." *State v. Van Cleave,* 674 N.E.2d 1293, 1303 (Ind.1996), *reh'g granted on other grounds,* 681 N.E.2d 181 (Ind.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1060, 140 L.Ed.2d 121 (1998) (quoting *Morrison v. State,* 462 N.E.2d 72, 74 (Ind.1984)). "[A] defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill." *Miller v. State,* 541 N.E.2d 260, 263 (Ind.1989).

The trial testimony indicated that the defendant had consumed alcohol during the events immediately preceding the incident. However, there was ample evidence of the defendant's ability to carry out acts requiring physical skill, to instruct others, and to devise a plan. His actions evidenced the physical ability to successfully attack and kill one of the victims and the presence of mind immediately after the murder to tell his companions to drive away and not to say anything about the incident. The trial court did not err in refusing the tendered intoxication instruction.

■ The defendant also contends that the trial court erred in refusing his tendered instruction on the lesser-included offense of voluntary manslaughter. Voluntary manslaughter is a necessarily-included offense of murder and, therefore, we must determine whether there is sufficient evidence to warrant giving the instruction. *Griffin,* 644 N.E.2d at 562. Sudden heat exists where there is sufficient provocation to engender passion and is shown by "anger, rage, sudden resentment, or terror that is sufficient to obscure the reason of an ordinary person, prevent deliberation and premeditation, and render the defendant incapable of cool reflection." *Id.* The instruction should be given if there is "any appreciable evidence of sudden heat." *Id.* (quoting *Roark v. State,* 573 N.E.2d 881, 882 (Ind.1991)).

The defendant contends that he is heterosexual and that his participation in homosexual activity was unusual conduct for him. He contends that the "sudden heat" prerequisite for such instruction was established by evidence that he acted out of anger toward the "source of his humiliation and anger" which resulted from engaging in consensual homosexual activity. Brief of Appellant at 14. We decline to permit the defendant's own consensual actions to constitute sufficient provocation. Furthermore, we find the evidence of suddenness to be lacking. The defendant had engaged in homosexual activity over the course of several hours. While the defendant, upon leaving the apartment, may have regretted his conduct, there is an absence of appreciable evidence of sudden heat. We decline to find error in the trial court's refusal of the defendant's tendered instruction on the lesser-included offense of voluntary manslaughter.

### Cumulative Evidence

■ The defendant alleges trial court error in the admission of graphic autopsy pho-

tographs depicting the wounds inflicted upon Alexander's body. He argues that these photographs were cumulative of others admitted without objection and had no additional probative value but served only to inflame and incite the passions of the jury.

▮ Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. Ind.Evidence Rule 403. A claim of error in the admission or exclusion of evidence will not prevail on appeal "unless a substantial right of the party is affected." Ind.Evidence Rule 103(a). The standard of review for such claims is for abuse of discretion. *Yamobi v. State*, 672 N.E.2d 1344, 1346 (Ind. 1996).

Dr. John E. Pless, a forensic pathologist, testified for the State regarding the Anthony Alexander autopsy report and described nine stab wounds. He identified autopsy photographs in which each of the stab wounds were identified by number. The defendant did not object to State's Exhibits 17, 18, 19, and 22, which show, respectively, the victim's forehead and eyes (wounds numbered 1 and 2), scalp (wound 9), ear (wounds 6 and 7), and left torso (wounds 3, 4, 5, and 8). The trial court admitted over the defendant's objection State's Exhibits 9, 20, 21, and 23, showing the victim's full face (showing wounds 1, 2, and 6), a close up of the ear (wound 6), a close up of wound 8, and the torso (wounds 3, 4, 5, and 8).

We are not persuaded that the danger of unfair prejudice substantially outweighs the probative value of the questioned photographs. Because of the similarity of the photographs, the contested exhibits presented only a marginal increase in prejudicial effect. We are not convinced that the resulting prejudice was unfair. The admission of the challenged exhibits did not affect a substantial right of the defendant, nor does it constitute an abuse of discretion by the trial

court. We reject the defendant's claim on this issue.

### Sentence

▮ The defendant contends that his 110 year sentence[3] is manifestly unreasonable[4] because of his troubled youth, his age, and his ability to be rehabilitated. In the exercise of our authority to review and revise sentences,[5] this Court will revise a sentence only where it is "manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind.Appellate Rule 17(B).

The trial court found that the defendant had a violent juvenile and adult criminal history, including two juvenile offenses that would have been felonies if committed as an adult, and five adult convictions, two of which were felonies. We find that the sentence was not manifestly unreasonable.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SELBY and BOEHM, JJ., concur.

SULLIVAN, J., concurs except as to sentence.

---

3. The defendant was sentenced to consecutive terms of sixty years for the murder of Alexander, and fifty years for the attempted murder of Gant.

4. Additionally, the defendant contends in his brief that the sentence constitutes cruel and unusual punishment. However, he has failed to

support this argument with any separate reasoning or argument, and failed to cite relevant case law. As such, he has waived this claim. Ind.Appellate Rule 8.3(A)(7); *Kindred v. State*, 540 N.E.2d 1161, 1168 (Ind.1989).

5. Ind Const art. 7, § 4.