Kia George **HARRISON,** Appellant
(Defendant Below),

v.

**STATE of Indiana,** Appellee
(Plaintiff Below).

No. 18S00–9712–CR–687.

Supreme Court of Indiana.

Aug. 24, 1998.

Geoffrey A. Rivers, Muncie, for Appellant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

A jury convicted defendant, Kia George Harrison, of murder. The trial court sentenced him to sixty years.

In this direct appeal, defendant raises the following issues: 1) Did the trial court err in admitting certain photographs of the victim? 2) Did the trial court err in admitting a prior inconsistent statement of a State's witness? 3) Did the trial court err in refusing certain instructions on self-defense? 4) Was the evidence insufficient to support the judgment?

and 5) Did the trial court err in sentencing defendant to sixty years? We answer these questions "no" and affirm.

FACTS

Defendant, then seventeen years old, had given $20 to the victim, forty-one year old Raymond Pierce, so that Pierce would purchase a pack of cigarettes for defendant. On October 1, 1996, defendant and Pierce met in a parking lot, and defendant asked Pierce to return the change. Pierce replied that he did not have the money. Defendant testified that Pierce then hit him, which scared him, so defendant pulled out a .22 automatic pistol and shot Pierce. Then, defendant testified, Pierce verbally threatened him and ran away. The evidence showed that defendant chased Pierce for a short distance while shooting at him, and, when Pierce fell to the ground wounded, defendant shot him again. Defendant then fled the scene and did not report the shooting to police. The victim was unarmed. He died of five gun shot wounds, including one to the back of the neck and one to the heart, which were consistent with having been shot from behind and while on the ground. At trial, defendant admitting shooting Pierce, but claimed self-defense.

DISCUSSION

I. Admission of Photographs of the Victim.

Several photographs of the victim taken after the murder were admitted at trial. Defendant objected to their admission on grounds that their gruesome nature outweighed their probative value and that they were cumulative. The trial court overruled the objections and the photographs were shown to the jury.

 Defendant concedes that relevant evidence will not be rejected merely because it is gruesome and cumulative. Photographs depicting the victim's injuries or demonstrating a witness's testimony are generally relevant, and, therefore admissible. *Allen v. State*, 686 N.E.2d 760, 776 (Ind.1997), *reh'g denied; see also* Ind. Evidence Rules 401 & 402. To exclude photographs from evidence on relevancy grounds, the defendant must show that their improper influence on the jury would outweigh their probative value to the extent that they are unduly prejudicial.

*Bellmore v. State,* 602 N.E.2d 111, 118 (Ind. 1992); Evid. R. 403. To exclude them from evidence because they are cumulative, the defendant must show that the probative value is substantially outweighed by the needless presentation of cumulative evidence. Evid. R. 403. We review the trial court's ruling for an abuse of discretion. *See Ealy v. State,* 685 N.E.2d 1047, 1049–50 (Ind.1997).

■ One photograph was a view of the victim lying on the ground where police found him. This photograph showed his position after the shooting and some wounds, and illustrated the testimony of the police, the coroner, eyewitnesses and defendant. The matters depicted in the photograph were highly probative of defendant's self-defense claim and the State's contention that defendant shot the victim as he lay on the ground. The photograph is not particularly gruesome as it shows little blood; the primary impact on the viewer is of a man lying dead on the ground. Defendant relies on *Kiefer v. State,* 239 Ind. 103, 117, 153 N.E.2d 899, 905 (1958), in which we held that the trial court committed reversible error by admitting photographs which showed broad autopsy incisions and the hands of medical personnel inside the decedent's body. The photograph at issue here, however, is qualitatively different in its impact from the photographs described in *Kiefer.* Although the jury viewed a videotape of the scene and a police officer described it, this was the only still photograph showing the victim's body. To the extent that this photograph is cumulative at all, it is only marginally so. *See Gant v. State,* 694 N.E.2d 1125 (Ind. 1998). Under these circumstances, any prejudice from the photograph was outweighed by its probative value, and the trial court did not abuse its discretion in admitting it. *See Bellmore,* 602 N.E.2d at 118.

■ The other photographs were taken during the autopsy and depicted each gunshot wound. These photographs illustrated the coroner's testimony that the victim had nine bullet wounds that likely came from being shot five times, from behind and from above. The coroner was certain that the bullet wound to the victim's chest had been inflicted from above while the victim lay on the ground. Given this testimony, these photographs were highly probative of defendant's self-defense claim and of his testimony that he did not remember shooting the victim after he lay on the ground. *See Isaacs v. State,* 659 N.E.2d 1036, 1043 (Ind.1995), *cert. denied* —— U.S. ——, 117 S.Ct. 205, 136 L.Ed.2d 140 (1996). These photographs are not particularly gruesome and show the wounds as the coroner found them without any alteration. *Cf. Butler v. State,* 647 N.E.2d 631, 634–35 (Ind.1995) (autopsy photographs suspect if they show the body in altered condition). These photographs were not needlessly cumulative of the coroner's testimony, and helped the jury in understanding that testimony. The trial court did not abuse its discretion by admitting the autopsy photographs.

## II. Admission of Witness's Prior Inconsistent Statement

Defendant argues that the trial court erred in admitting into evidence a witness's pretrial statement to police. The State subpoenaed Tamelia Moore as a witness. On direct examination, she testified that on the night of the murder, she heard five gunshots, saw bursts of sparks or fire coming from the direction of the noise, and saw a group of people in that area run away. She claimed not to know whether defendant was one of those people.

The State impeached her on this last point when Moore admitted having previously told police that she had seen the sparks come from in front of defendant and had seen him among the people who ran after the shooting. Moore admitted having given this information to police in a written statement she signed on the night of the shooting. On redirect examination, the pre-trial statement itself was admitted over defendant's objection that the State could not impeach its own witness and that the statement was "cumulative as to her testimony." (R. at 311–15.) There was no hearsay objection and no request for a limiting instruction or admonition.

■ The trial court's overruling of these contemporaneous trial objections is not reversible error. First, it was not error for the

State to impeach its own witness. Evid. R. 607. Second, even if the statement itself was cumulative of the witness' testimony about the statement, we cannot say that the trial court abused its discretion in concluding that this was not a needless presentation of cumulative evidence. *See* Evid. R. 403. In any event, admission of the statement was harmless because the incriminating information in it was already before the jury either from the witness or defendant. *See* Evid. R. 103(a). To the extent that defendant objects to the admission of the statement on different grounds on appeal, those arguments are waived for failing to lodge a contemporaneous and specific objection at trial. Evid. R. 103(a)(1).

### III. Defendant's Tendered Instructions on Self–Defense.

■ Defendant next claims the trial court erred in refusing defendant's three tendered instructions on self-defense. A trial court's decision to instruct the jury is within its sound discretion, and we review that decision for an abuse of discretion. *Fields v. State,* 679 N.E.2d 1315, 1322 (Ind.1997). We consider (1) whether the instruction correctly states the law, (2) whether there is evidence in the record to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions. *Id.*

■ The trial court gave four instructions on self-defense, which collectively informed the jury that defendant had the right to defend himself against the imminent use of unlawful force, that he could use deadly force if he subjectively, but reasonably, believed that such force was necessary to prevent serious bodily injury, and that the State has the burden of disproving the defense beyond a reasonable doubt. *See* IND. CODE § 35–41–3–2 (1998).

Defendant argues that the trial court erred in not giving what he describes as his "more specific" tendered instructions, but our review of those tendered instructions shows that, to the extent they correctly stated the law of self-defense in Indiana, they were covered by the substance of the trial court's instruction and for that reason, the trial court did not err in refusing them.

### IV. Sufficiency of the Evidence.

■ Defendant contends that the State did not carry its burden of rebutting his claim of self-defense. To establish a valid claim, as relevant to the evidence in this case, defendant had to show that he reasonably believed that deadly force was necessary to prevent serious bodily injury to himself. IND. CODE § 35–41–3–2 (1998); *Birdsong v. State,* 685 N.E.2d 42, 45 (Ind.1997). Then the burden shifted to the State, which was required to rebut the claim by showing, beyond a reasonable doubt, that defendant's use of force was not justified. *Id.* The State can show this, for example, with evidence that the defendant used excessive force, was committing a crime, was the initial aggressor, or provoked the other person. IND. CODE § 35–41–3–2 (1998); *Birdsong,* 685 N.E.2d at 45.

■ We review the sufficiency of self-defense evidence as we do any other sufficiency challenge. *Id.* We consider all the evidence relevant to self-defense, but we neither reweigh the evidence nor resolve questions of credibility. *Id.* Rather, we consider only the evidence most favorable to the judgment with all reasonable inferences to be drawn from that evidence. *Id.* We affirm if, considering that evidence and those inferences, we find substantial evidence of probative value to support the judgment. *Id.*

■ As evidence that he had a reasonable fear of bodily injury, defendant testified that the victim was a much larger man with a reputation for violence and for carrying a gun, that the victim hit defendant before any shots were fired, and that the victim verbally threatened defendant after defendant shot him the first time. This evidence might have persuaded the jury that defendant's use of deadly force was justified. The jury, however, obviously gave more weight to the evidence that the victim was unarmed, that defendant chased the victim for some distance after shooting him the first time, and that defendant shot the victim in the heart as he lay wounded on the ground. This evi-

dence is sufficient to rebut defendant's claim of self-defense beyond a reasonable doubt.

## V. Sentence

The trial court sentenced defendant to sixty years. The presumptive term was fifty-five years, with the possibility of ten years added for aggravating circumstances and ten years subtracted for mitigating circumstances. IND. CODE § 35–50–2–3 (1998). Defendant argues the sentence is erroneous in four respects: (1) the trial court considered improper aggravating circumstances; (2) the trial court failed to find mitigating circumstances supported by the record; (3) the sentence is unconstitutional because it is disproportionate; and (4) the sentence is manifestly unreasonable.

■■■ Within the applicable statutory and constitutional parameters, sentencing decisions rest within the sound discretion of the trial court and are reversed only for an abuse of that discretion. *Smith v. State*, 675 N.E.2d 693, 697 (Ind.1996). The sentencing statement must identify the significant aggravating and mitigating circumstances; identify the facts that led the trial court to find each circumstance; and show that the aggravating and mitigating circumstances have been balanced. *Williams v. State*, 690 N.E.2d 162, 172 (Ind.1997); *see also* IND. CODE § 35–38–1–7.1 (1993 & Supp.1997).

The trial court identified several aggravating circumstances. The court found that defendant had a history of delinquent behavior. This included a 1993 battery, a 1993 curfew violation, and a 1994 battery for which defendant was sent to the Indiana Boys School. The trial court also found that defendant was placed on probation for the 1993 battery, but that he violated that probation. Defendant does not challenge these valid aggravating circumstances.

■■■ The trial court found that the two battery offenses and the instant murder showed a pattern of violent behavior. Defendant contends that in finding this aggravating circumstance, the trial court improperly considered the batteries twice. He provides no citation or reasoned argument in this re-

gard, however, and we conclude that the finding is not improper.

■■■ The trial court also found that an adult felony robbery charge was pending against defendant. He argues that this was an improper consideration because he had not yet been convicted. We have held to the contrary. *See, e.g., Beason v. State*, 690 N.E.2d 277, 281 (Ind.1998) (sentencing court may consider allegations of criminal activity that have not been reduced to convictions); *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991) (pending charges may be considered to reflect character and indicate risk of future crime).

As another aggravating circumstance, the trial court found that defendant was in need of correctional treatment in excess of the presumptive sentence because prior efforts at corrective treatment, i.e., defendant's probation and commitment to the Indiana Boys School, had not been successful, and defendant had made no voluntary attempts at rehabilitation. Defendant argues this is an invalid aggravating factor because "it is known that incarceration does not rehabilitate," but he provides no authority supporting this contention.

The trial court also listed as an aggravating circumstance that the victim's family had recommended an enhanced sentence. Defendant argues this is invalid because such a vindictive desire is a crime victim's "normal reaction," but again he cites no authority. The sentencing court is required to consider "any oral or written statement made by a victim of the crime." IND. CODE § 35–38–1–7.1(a) (1993 & Supp.1997). We have recognized the position of the victim's family as a valid aggravating circumstance in some cases. *Compare Brown v. State*, 667 N.E.2d 1115, 1116–17 (Ind.1996) (trial court may give weight to family's desire for a harsh sentence) *with Bacher v. State*, 686 N.E.2d 791, 801 (Ind.1997) (sentencing statement did not indicate that impact on victim's family was distinct enough to rise to the level of an aggravating circumstance). In any event, the other valid aggravating circumstances found by the trial court support a sentence enhancement. *See Penick v. State*, 659 N.E.2d 484, 488 (Ind.1995).

As mitigating circumstances, the trial court noted defendant's young age, the strong support he had from his family and community that would help in his rehabilitation, the absence of prior adult convictions, and his remorse. The trial court expressly declined to find that self-defense was a mitigating factor given the jury's verdict.

■ Defendant argues that the trial court erred in failing to treat defendant's claim of self-defense as a strong mitigating circumstance. The trial court, however, is not required to do so. *See Birdsong*, 685 N.E.2d at 47–48. Here, the sentencing statement shows that the trial court did not ignore the claim, but determined that defendant's claim was entitled to no weight. The trial court noted that defendant could have walked away from the victim, but chose not to, and that he acted in a calculated and ruthless way. The trial court did not err merely because it failed to credit defendant's claim with the same weight as defendant urges. *See Beason*, 690 N.E.2d at 284. We find no error concerning mitigating circumstances in this record.

■ Next, defendant argues that the sixty-year sentence is disproportionate, and therefore, unconstitutional under the federal and state constitutions. The Eighth Amendment prohibits a disproportionately long sentence as cruel and unusual punishment, but we have held that a fifty-year sentence, which included a ten-year enhancement beyond the presumptive sentence, was "not grossly out of proportion" for taking a human life. *Smith v. State*, 470 N.E.2d 1316, 1319 (Ind.1984). We draw that same conclusion here.

The Indiana Constitution requires penalties to be proportional to the nature of the offense. IND. CONST. art. I, § 16 (1851); *Gambill v. State*, 675 N.E.2d 668, 678 (Ind. 1996), *reh'g denied.* We apply this constitutional directive "when a criminal penalty is not graduated and proportioned to the nature of an offense." *Conner v. State*, 626 N.E.2d 803, 806 (Ind.1993) (quoting *Hollars v. State*, 259 Ind. 229, 236, 286 N.E.2d 166, 170 (1972)). Given the nature of the offense committed, the trial court imposed the presumptive fifty-five year sentence enhanced by five years, which is less than the maximum sentence. We decline to find the sixty year sentence to violate our constitutional provision requiring proportional sentences.

Defendant also claims that the sentence is manifestly unreasonable. Although empowered to review and revise a criminal sentence, IND. CONST. art. 7, § 4 (1851), we "will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). This record amply supports the trial court's conclusions about defendant's character and the nature of this offense in which defendant pursued and gunned down the victim after he refused to return the change from a twenty-dollar bill. The sentence is not manifestly unreasonable.

CONCLUSION

We affirm defendant's conviction and sentence.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.