**Bradford E. KILGORE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45S00–9810–CR–601.

Supreme Court of Indiana.

Dec. 17, 1999.

Mark A. Bates, Crown Point, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Bradford E. Kilgore and his friend James Byers robbed and killed a taxi driver, Charles Simmons. After Bradford's trial, the court imposed fifty-five years for murder, with a concurrent ten-year arson sentence for burning the victim's vehicle.

The evidence at trial showed that Kilgore called for a cab ride from a house in the heart of Gary, using a fictitious name. When the cab arrived, Kilgore, Byers, and another friend, Corey Kirk, entered the vehicle and the trip commenced. Kirk paid for a share of the ride along the way and exited. Later on, Byers apparently shot the driver in the head, Byers and Kilgore split up the driver's money, and the duo set fire to the vehicle, which the Gary Fire Department found in an alley near the spot where the trip by Kilgore, Byers, and Corey had begun.

■ Kilgore first challenges as prosecutorial misconduct the deputy prosecutor's statement in final argument that the perpetrator shot Simmons because they recognized him and thus feared he might be able to identify them. Defense counsel objected on grounds that there was no evidence to support this statement. (The prosecutor had relied on the fact that Kilgore and the victim lived in the same neighborhood.) The trial judge admonished the jury: "It was not contained in the evidence," even though counsel did not request an admonition. Having sought no further remedy at trial, nothing is preserved for appeal. (R. at 589–90); *Brown v. State*, 572 N.E.2d 496 (Ind.1991).

■ Kilgore concedes that he may be guilty of robbery but contends the evidence was not sufficient to sustain his conviction for murder, noting that Byers fired the fatal shot. We are satisfied that the evidence of Kilgore's intimate association with the crimes was sufficient to permit the jury to conclude beyond a reasonable doubt that he aided, induced, or caused Byers to commit murder. He summoned the victim using a fictitious name and a phony address, drove the victim's van to an alley after Byers shot Simmons and left him in the street, participated in procuring gasoline for torching the van with the victim's wallet and identification inside, and split up the proceeds. This suffices. *See Palmer v. State*, 704 N.E.2d 124, 126 (Ind.1999) (felony murder conviction sustaina-

ble when the designated felony in which defendant participated is the "mediate or immediate" cause of death).

■ Finally, Kilgore claims his fifty-five year sentence, the presumptive term for murder, was manifestly unreasonable and warrants relief under our rule on the revision of sentences, Ind. Appellate Rule 17(B).

In sentencing Kilgore, the trial court found certain mitigating circumstances: Kilgore's youth, his broken home, his remorse, and the fact that he did not himself fire the fatal shot. (R. at 116, 681–82.) As aggravating circumstances, the court found: certain charges concerning possession of cocaine and battery on a police officer that were pending against Kilgore when he committed the instant crime, his active participation in planning and executing the crimes, the commission of the arson to cover the other crimes, his need for correctional or rehabilitative treatment best provided in a penal facility, and Kilgore's age. (*Id.*)

While the trial court need not have articulated its reasons for imposing the presumptive sentence, it is helpful that it did so. It is apparent that the aggravating and mitigating circumstances were close enough to a point of equipoise that fifty-five years was not a manifestly unreasonable sentence. *Compare Powell v. State*, 644 N.E.2d 82 (Ind.1994) (maximum sentence affirmed for calling pizza delivery man in order to steal his money, then killing him).

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.