**Sonya HULFACHOR, a.k.a. Sonya L. Neiswinger, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 82S00–9903–CR–193.

Supreme Court of Indiana.

Sept. 22, 2000.

Glenn A. Grampp, Evansville, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

A jury convicted appellant Sonya Hulfachor of the murder, felony murder, and robbery of Steven Glaser. It also found her guilty of auto theft for fleeing the scene in Glaser's truck. The trial court sentenced Hulfachor to seventy-three years on the murder and robbery counts.

### Facts

On October 8, 1997, Hulfachor called Glaser in Indianapolis to invite him to Evansville that day. She asked a friend, Leslie Russell, to meet Glaser at an Evansville diner and to take him to meet her at the 222 Tavern. Russell said, "She told me whenever I picked him up and brought him to where she was to watch out for the police and make sure there wasn't any cops following her." (R. at 508–09.)

Hulfachor met Glaser at the tavern, and they eventually drove to an abandoned house. Her co-defendant Mark Duncan also went to the house, but waited outside. Hulfachor said that she and Glaser began to argue and the argument became violent. She stated that Duncan burst in and hit Glaser with a hammer several times. Duncan said that Hulfachor also hit Glaser. Although they knew Glaser was badly hurt, they did not seek medical attention for him.

Duncan and Hulfachor took Glaser's truck and drove south. Police eventually apprehended them in Oklahoma City.

Meanwhile, back at the abandoned house, two passersby spotted Glaser in the doorway early on October 9th "with his brains hanging out on the floor." (R. at 305–07.) They called 911, and paramedics transported Glaser to the emergency room. The pathologist testified that the head trauma Glaser suffered on or about October 9th caused his death.

### Procedural History

The State initially charged Duncan and Hulfachor with aggravated battery and auto theft. After Glaser died, the State amended the battery charge to murder and eventually added counts for robbery and felony murder. The jury found Hulfachor guilty on all counts.

At the sentencing hearing, the trial court reduced the robbery from class A to class C, merged the auto theft into the robbery, and vacated the felony murder conviction. It sentenced Hulfachor on the class C robbery and the murder convictions.

### I. Sufficiency of the Evidence

 Hulfachor first asserts there was insufficient evidence to convict her of murder. In assessing such claims, we do not reweigh the evidence or judge the credibility of the witnesses. We look only to the actual evidence and the reasonable inferences drawn from it that support the verdict. "If from that perspective there was evidence of probative value from which a reasonable trier of fact could conclude that the appellant was guilty beyond a reasonable doubt, we will affirm the conviction." *Hazzard v. State*, 642 N.E.2d 1368, 1369 (Ind.1994).

 Hulfachor claims she was not present at the scene of the crime when the fatal blow was inflicted.[1] In support of

---

1. She claims the evidence is insufficient to support a jury finding "that she committed the offenses for which she was convicted and subsequently sentenced," (Appellant's Br. at 9), but as she makes no argument on the evidentiary sufficiency of her robbery conviction, the issue is waived. Ind. Appellate Rule 8.3(A)(7).

this contention, she cites the testimony of (1) a witness who said the abandoned house seemed secure at 8 a.m., (2) the emergency technician, who testified that Glaser was alive upon his arrival at the emergency room at 11:22 a.m. on October 9th, and (3) the emergency physician, who testified that Glaser could not have survived more than two to four hours after the injuries were inflicted. Hulfachor claims that the fatal blow must therefore have been inflicted between 8 a.m. and 10:30 a.m. on October 9, 1997. She says she was driving to Oklahoma during those morning hours.

While this is a plausible reading of the evidence, there was other testimony that could have led the jury to reject Hulfachor's alibi. Glaser's neurosurgeon testified that it is very difficult to tell when a brain injury was inflicted "in active trauma practice." (R. at 342.) The coroner agreed, stating that an injured person can linger before dying for a few hours or many hours. He said, "I've seen cases of open head fracture that approach twenty-four hours of interval between the injury time and when they got medical attention." (R. at 877–78.) As to the timing of Glaser's injury, the coroner stated:

> My opinion is that he may have survived up to twenty-four hours in a circumstance of an open skull fracture. It may have been less than twelve hours.. It may have been six hours, but I don't think that you can say as the emergency room physician did that he would have mandatorily had to die in two to four hours.

(R. at 878–79.)

This testimony certainly qualifies as evidence of probative value from which a

reasonable jury could conclude that Hulfachor was guilty of murder.[2]

## II. The Gruesome Photographs Claim

Hulfachor challenges the admission of three photographs taken by the emergency room physician. She asserts their probative value is substantially outweighed by the danger of the prejudice they might cause, and that they are cumulative.

■■■■ We review the trial court's admission of photographic evidence for an abuse of discretion. *Byers v. State*, 709 N.E.2d 1024 (Ind.1999). Photographs that depict a victim's injuries are generally relevant and thus admissible. *Harrison v. State*, 699 N.E.2d 645 (Ind.1998). The relevancy requirement also can be met if the photographs demonstrate or illustrate a witness' testimony. *Id.* On the other hand, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Ind. Evidence Rule 403.

■■■■ "That photographs depict gory, revolting, or inflammatory details of the crime is not sufficient basis for reversal, unless they are without relevance to any material issue." *Perigo v. State*, 541 N.E.2d 936, 939 (Ind.1989). Proving the material issues "cannot be done sometimes without presenting disagreeable evidence. Revolting crimes generate revolting evidence." *Id.* at 939–40. While the challenged photographs are indeed disagreeable, they show the nature and severity of Glaser's injuries, and they illustrate the deposition testimony of the emergency doctor.

Hulfachor also claims that the photographs are cumulative of each other, (Appellant's Br. at 13), "because they demonstrate the same thing," (R. at 898). The

---

**2.** Even though neither Hulfachor nor Duncan expressly state that Hulfachor hit Glaser with the hammer, "We are satisfied that the evidence of [Hulfachor]'s intimate association with the crimes was sufficient to permit the jury to conclude beyond a reasonable doubt that [s]he aided, induced, or caused [Duncan] to commit murder." *Kilgore v. State*, 720

N.E.2d 1155, 1156 (Ind.1999). Hulfachor lured Glaser to Evansville, led him to the abandoned house, arranged for Duncan to be at the house, and participated in the struggle. Glaser's blood was found on her clothes. She left Glaser on the floor in need of medical attention, and she fled with Duncan in Glaser's truck. This suffices. *See id.*

photographs are a little different, however, each showing Glaser's wounds at different angles, focusing on different parts of the injuries. It is possible that the State could have done the job with just one or two. Using three is not enough to warrant a new trial.

### III. Double Jeopardy

*A. Murder and Felony Murder.* The jury found Hulfachor guilty of both murder and felony murder, and the trial court vacated the felony murder conviction and sentenced her on the murder charge to avoid violating double jeopardy principles. She now argues the trial court should have vacated the murder conviction instead.

It is true that Hulfachor cannot be convicted of both murder and felony murder when both arise from a single homicide. The Court of Appeals opinion in *Fuller v. State,* 639 N.E.2d 344 (Ind.Ct. App.1994), explains why felony murder was the right conviction to vacate:

> [W]hen a defendant stands convicted of murder, felony murder, and an additional [underlying] felony, the felony murder should be vacated and the murder conviction should remain. To hold otherwise would permit a person who commits an intentional murder while committing another felony to use the felony murder rule to escape punishment for the underlying felony. This simply cannot be.

*Id.* at 347–48. The trial court properly vacated Hulfachor's felony murder conviction.

*B. Felony Murder and Robbery.* Hulfachor also asserts that her convictions for robbery and felony murder violate double jeopardy principles because the robbery is the underlying felony supporting the felony murder conviction. This claim illustrates the point of *Fuller;* Hulfachor merely seeks to evade punishment on the underlying felony, robbery. "Because [the trial court] already vacated [Hulfachor]'s felony murder conviction on other double jeopardy grounds, [however,] this claim is mooted." *Gregory–Bey v. State,* 669 N.E.2d 154, 157 (Ind.1996), *challenged on other grounds, Grinstead v. State,* 684 N.E.2d 482, 485 (Ind.1997).

*C. Murder and Robbery as a Class A Felony.* The jury convicted Hulfachor of both murder and robbery as a class A felony. The robbery was enhanced from a class C to a class A felony because Glaser suffered serious bodily injury. (R. at 231.) At the sentencing hearing, the trial court correctly reduced the robbery to a class C felony, because both the murder conviction and the enhanced robbery conviction were based on the same bodily injury. (R. at 1263–64); *Hampton v. State,* 719 N.E.2d 803, 808 (Ind.1999).

The trial court did not err in its application of these double jeopardy principles.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.